## COMMONWEALTH *vs.* ALBERT A. DOLE.

An indictment under Gen. Sts. *c.* 162, § 2, for uttering and publishing as true a false, forged and counterfeit promissory note, is not supported by proof of uttering and publishing as true a counterfeit bank bill upon an incorporated banking com any established in this commonwealth.

MERRICK, J. The indictment against the defendant is based upon Gen. Sts. *c.* 162, § 2. It alleges that he uttered and published as true, with intent to defraud, a certain false, forged and counterfeit promissory note, which is duly set forth according to its tenor, knowing it to be false, forged and counterfeit. On the trial, the district attorney produced and offered to put in evidence a bank bill purporting to have been issued by the President, Directors and Company of the Worcester Bank, which corresponded in its terms with the promissory note described in the indictment. It appeared that the Worcester Bank was an incorporated banking company established in and under the laws of this commonwealth. The defendant objected to the proposed evidence, and contended that the bill thus offered did not support the allegations in the indictment. But the objection was overruled.

There is no doubt that a bank bill is for many purposes to be considered and treated as a promissory note. Containing an unconditional promise by one party to pay a certain and stated sum of money to another on demand, it combines within itself all the essential elements of that species of contract. And in different statutes it has frequently been so denominated by the 'egislature. *St.* 1804, *c.* 120, § 2; Rev. Sts. *c.* 127, § 4; Gen·

Sts. *c.* 162, § 4. But this is by no means decisive of the question raised by the defendant. His objection is that neither the forging and counterfeiting of a bill or promissory note payable to the bearer thereof, or to the order of any person, issued by an incorporated banking company established in this state, or within the United States, or in any foreign province, state or government, nor the uttering and publishing of such forged and counterfeit bank bill, with intent to defraud, are prohibited by the provisions of Gen. Sts. *c.* 162, §§ 1, 2, and that a persor guilty of those acts is not liable to be subjected to the penalties prescribed in these sections.

It is a familiar rule of interpretation, that the intention of the legislature, and the meaning of each of the provisions contained in a statute, are to be discovered and deduced on a view of the whole and every part of it taken and compared together; that every part of it is upon such comparison to be so construed, if it can reasonably be done, that the whole, and every one of its separate and distinct provisions, may stand and have full and complete effect. Dwarris on Statutes, (2d ed.) 567, 568. 1 Kent Com. (6th ed.) 461. Applying this rule in the exposition of the statute under consideration, the true intent and meaning of its several parts and provisions cannot be mistaken.

By § 1 it is provided that whoever falsely makes, alters, forges or counterfeits, among other instruments particularly named, a promissory note, with intent to defraud any person, shall be imprisoned in the state prison for a period not exceeding ten years, or in the jail not exceeding two years; and by § 2 a like punishment is to be imposed upon any person who, with such intent, shall utter and publish a false, forged and counterfeit promissory note as true. If these were the only provisions in the statute, and there were none specially in relation to the bills or notes issued by incorporated banking companies, then these would have been included in the general provisions respecting promissory notes. And accordingly it has often been determined under former statutes, which contained no provision respecting the forgery of the notes or bills of banking companies established in foreign states, that the forgery of the bills of such

foreign banks, or the altering and publishing as true of bills purporting to be issued by them, might be prosecuted, and offenders found guilty of such acts punished, as for forging and counterfeiting promissory notes, or the uttering and publishing of forged and counterfeit promissory notes as true, knowing them to be forged and counterfeit. *Commonwealth* v *Carey,* 2 Pick. 47. *Commonwealth* v. *Riley,* Thacher's Crim. Cas. 67. *Commonwealth* v. *Simonds,* 14 Gray, 59. *Commonwealth* v. *Woods,* 10 Gray, . This reason has not always been assigned as the ground of decision in such cases, but it is fully stated and explained in the recent case of *Commonwealth* v. *Woods,* above cited. And it has never been held that the bills of incorporated banks in this commonwealth could be treated in criminal prosecutions as promissory notes.

But by § 4 of the same statute it is provided that whoever falsely makes, alters, forges or counterfeits a bank bill or promissory note, payable to the bearer thereof, or to the order of any person, issued by an incorporated banking company established in this state, or within the United States, or any foreign province, state or government, with intent to defraud, shall be punished by imprisonment in the state prison for life, or for any term of years. And by § 6 any person who utters or passes, or tenders in payment as true, any such forged or counterfeit bank bill or note, knowing it to be forged and counterfeit, and with intent to defraud, shall be punished by imprisonment in the state prison for a term not exceeding five years, or by fine not exceeding one thousand dollars and imprisonment in the jail not exceeding one year. These are very distinct and explicit provisions respecting bank bills and notes, showing clearly that the legislature did not intend to comprehend and include them in the general provisions in the first and second sections respecting promissory notes. The two provisions differ from each other very materially. The maximum punishment of one who is convicted of the forgery of the last named instrument is imprisonment in the state prison for the term of ten years ; but for the forgery of a bill or note of an incorporated banking company the convict may be subjected to such imprisonment for

life. And so also he who utters and publishes a forged and counterfeit promissory note in violation of the statute, § 2, may be punished by imprisonment for ten years, while he who is in like manner guilty of uttering and publishing a forged and counterfeit bill of one of such incorporated banking company can be punished by an imprisonment of only half of that period. These provisions, by which such different penalties are attached to the several prohibited acts, show the intention of the legislature to distinguish between them, and to constitute them several and distinct offences. It is a necessary consequence of this distinction that the bills and notes of incorporated banking companies are not included in the description of instruments mentioned and specified in the first and second sections of the statute. By observing it in all prosecutions, full effect may without difficulty be given to each and every part, and to each of the different provisions, of the statute; and the manifest intention of the legislature will thus be complied with. And such a construction should be put upon the various provisions of the statute as will lead to this result, if it can be done without disturbing or doing violence to the language in which the intention is expressed, although the expediency of such enactment, or the reason which induced it, may not be fully understood or appreciated. It is sufficient that the distinction has been made; and therefore in all forms of proceeding, and in all particulars of proof, this distinction must be observed. And consequently the charge of forging a promissory note, or of the uttering and publishing of a forged and counterfeit instrument of that kind, knowing it to be forged, and with intent to defraud, cannot be established by proof of the like forgery, or the like uttering and publishing, of a forged and counterfeit bill or note of an incorporated banking company. The objection therefore to the evidence offered in behalf of the government was well taken by the defendant, and his exceptions to the decision of the court overruling it must be sustained.

*N. St. J. Green*, for the defendant.

*Foster*, A. G., for the Commonwealth.